UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRAYSON-BEY,

    Plaintiff,

v.

NICHOLAS HUTCHINSON, et al.,

    Defendants.

                                  /

Case No. 2:20-cv-10487

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING THE CASE

On February 26, 2020, Plaintiff Grayson-Bey filed a pro se complaint pursuant to 42 U.S.C. § 1983. ECF 1. He alleged violations of his Fourth Amendment right against unlawful search and seizure stemming from an alleged unlawful traffic stop and arrest. *Id.* He also filed an application to proceed in forma pauperis ("IFP"). ECF 2. For the following reasons, the Court will grant his IFP application and dismiss the case.

### BACKGROUND

Plaintiff stated that his claims arise under the Fourth Amendment and the Treaty of Peace and Friendship of 1787. ECF 1, PgID 4. His claims stem from an allegedly unlawful traffic stop and arrest and the subsequent events and state trial based on charges resulting from the traffic stop. *Id.* at 5–7. He named Officer Nicholas Hutchinson (the officer that seemingly performed the traffic stop and arrested him), the Dearborn Heights Police Department, state district court Judge Mark J.

Plawecki, City Prosecutor Dan, and J and M/Dalton Currier Towing Company as Defendants. *Id.* at 2–3.

Plaintiff alleged that on January 5, 2020, he was lawfully driving when an officer pulled him over. *Id.* at 5. The officer told him that he was speeding and asked for his ID. *Id.* Plaintiff informed the officer that he was Moorish American and handed him his ID, which stated that he was a Moabite. *Id.* at 5, 7. The officer then opened his car door and arrested him. *Id.* at 7. Because he was taken into the police station and his car was left on the side of the road, Plaintiff claimed that his car was illegally towed by J and M/Dalton Currier Towing Company. *Id.*

On January 22, 2020, Judge Mark J. Plawecki, in a case seemingly associated with the traffic stop, entered a plea of not guilty, to which Plaintiff claimed he did not consent. *Id.* Plaintiff then asked for a Declaration of Authority order from the Judge, who allegedly refused to provide one. *Id.* He then provided the Judge a copy of his Declaration of Nationality. *Id.* at 6. Finally, he asked the prosecutor what his nationality was, to which the prosecutor refused to respond. *Id.* at 7.

In the section on relief sought, Plaintiff alleged that he was stopped against his will, kidnapped, and extorted. *Id.* at 6. He seeks $500.00 in compensatory damages for the money he spent related to the traffic stop and the state case and for the money he spent getting his car back. *Id.* He also seeks $5 million in punitive damages. *Id.*

# DISCUSSION

I. <u>IFP Application</u>

In his IFP application, Plaintiff stated that he is unemployed. ECF 2, PgID 10. He has no monthly income, no money in a checking or savings account, and no assets of value. *Id.* at 10–11. And he has two children for whom he provides $300 a month in child support, other monthly expenses totaling $1,082, and about $16,000 in student debt. *Id.* at 11. Plaintiff's IFP application sufficiently alleged that he is indigent and lacks financial assets or income. The Court will therefore grant his request to proceed IFP.

II. <u>Sufficiency of the Complaint</u>

The Court must screen IFP complaints and dismiss a case if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court liberally construes pro se-litigant filings, and dismissal of a case is appropriate only when the "claim is based on an indisputably meritless legal theory." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (internal quotations and citation omitted). "In determining whether a complaint states a claim, a court must construe the complaint in a light most favorable to the plaintiff [and] accept all factual allegations as true[.]" *Goldman v. Consumers Credit Union*, No. 17–1700, 2018 WL 3089811, at *3 (6th Cir. Feb. 14, 2018) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Federal courts have seen, in recent years, an increase of cases from litigants, like Plaintiff, of Moorish American decent who are members of sovereign citizen movements. *See generally Marrakush Cases*, 2009 WL 2366132 (D.N.J. July 30, 2009) (collection of cases). The cases frequently invoke the litigants' Moorish heritage and various Barbary Treaties, such as the Treaty of Peace and Friendship, to raise claims relating to the litigants' civil rights. When the claims relate to events that occurred within the United States, as Plaintiff's claims do, they are "facially frivolous." *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 558 (D.N.J. 2011) (citing *Murakush Caliphate of Amexem Inc. v. New Jersey*, 790 F. Supp. 2d 241, 269–72 (D.N.J. 2011)). The Court will therefore dismiss Plaintiff's claims that arise under the Treaty of Peace and Friendship.

Plaintiff also raised claims under the Fourth Amendment pursuant to 42 U.S.C. § 1983 seemingly for false arrest, false imprisonment, malicious prosecution, and unlawful seizure of property. Each claim lacks merit.

Plaintiff's claims against Judge Plawecki, although unclear, seem to arise from the Judge entering a plea of not guilty on Plaintiff's behalf and an unwillingness to provide him with a Declaration of Authority. *See* ECF 1, PgID 7. But judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacities, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). The Court will therefore dismiss Plaintiff's claims against Judge Plawecki.

Plaintiff's claims against city prosecutor Dan are likewise unclear, but seem to arise under a claim for malicious prosecution and the prosecutor's refusal to state his nationality. *See* ECF 1, PgID 7. Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). And the city prosecutor was under no obligation to provide Plaintiff with his nationality. The Court will therefore dismiss Plaintiff's claims against city prosecutor Dan.

As to the claims against J and M/Dalton Currier Towing Company, Plaintiff seems to allege that the company unlawfully towed his car. *See* ECF 1, PgID 7. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). J and M/Dalton Currier Towing Company is a private company, not a state actor, and Plaintiff makes no allegation that it was acting under the color of state law when it towed his car. The claims against J and M/Dalton Currier Towing Company are therefore not appropriately raised under § 1983. The Court will dismiss those claims.

Plaintiff's claims against Officer Hutchinson seem to stem from his allegedly unlawful arrest and false imprisonment. *See* ECF 1, PgID 5, 7. Because "the alleged false imprisonment arises out of and logically follows the arrest," Plaintiff's claims of false arrest and false imprisonment "are essentially the same." *Walker v. Schaeffer*,

5

854 F.2d 138, 142 (6th Cir. 1988) (citations omitted). To state a false arrest or false imprisonment claim, Plaintiff "must show that he was arrested without probable cause." *Grogg v. State*, No. 18-5794, 2019 WL 386973, at *3 (6th Cir. Jan. 7, 2019) (citing *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005); *Wallace v. Kato*, 549 U.S. 384, 388–89 (2007)).

Here, Plaintiff provided little to no explanation of what happened surrounding the traffic stop and subsequent arrest and prosecution. He did not clearly allege what happened and why the events that occurred did not provide probable cause to arrest and prosecute him. He never even stated that Officer Hutchinson was the arresting officer or how he was involved in any of the alleged incidents. Rather, Plaintiff listed Officer Hutchinson's name in the civil rights complaint form and merely alleged a string of facts in the statement of claims portion of the form that contained no direct allegation of wrongdoing and that never directly mentioned Officer Hutchinson. That type of statement is "not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)). The Court will therefore dismiss Plaintiff's claims against Officer Hutchinson.

Finally, Plaintiff brought claims against the Dearborn Heights Police Department seemingly alleging that the Department is also liable for the actions of Officer Hutchinson. To state a § 1983 claim against a municipality, Plaintiff must allege that the municipality's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). A

6

municipality cannot be liable under *Monell* absent an underlying constitutional violation. *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citation omitted). Here, as described above, Plaintiff did not allege sufficient facts to show that there was an underlying constitutional violation. And further, Plaintiff failed to allege any policy or custom of the Dearborn Heights Police Department that caused any alleged constitutional violation. The Court will therefore dismiss Plaintiff's *Monell* claim against the Dearborn Heights Police Department.

Because none of Plaintiff's allegations sufficiently state a claim on which relief could be granted, the Court will dismiss the case.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's application to proceed without prepaying fees and costs [2] is **GRANTED**.

**IT IS FUTHER ORDERED** that the case is **DISMISSED**.

**SO ORDERED.**

                                                  s/ Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: March 4, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 4, 2020, by electronic and/or ordinary mail.

                                                  s/ David P. Parker
                                                  Case Manager